UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| J GIORDANO SECURITIES LLC d/b/a<br>J GIORDANO SECURITIES GROUP,<br>    Plaintiff,<br><br>    v.<br><br>MEDICALCV, INC.,<br>    Defendant. | CIVIL ACTION NO.<br>3:06cv365 (SRU) |

### RULING ON MOTION TO COMPEL and MOTIONS FOR SANCTIONS

The plaintiff, J Giordano Securities LLC d/b/a J Giordano Securities Group ("Giordano"), is a registered and licensed broker-dealer of securities and a member of the National Association of Securities Dealers ("NASD"). The defendant, MedicalCV, Inc. ("MedicalCV") is a Minnesota corporation that manufactures products used in laser surgery. On December 21, 2004, the parties entered into a written agreement, in which Giordano agreed to act as MedicalCV's agent in connection with the private placement of MedicalCV's securities in exchange for certain fees.

In March 2006, Giordano filed a complaint, alleging primarily that MedicalCV breached that agreement. In April 2006, MedicalCV filed a Motion to Stay/Dismiss, arguing I should stay the litigation and order the parties to arbitrate the dispute. On July 28, 2006, I heard oral argument on the Motion to Stay. I granted the motion, ordering that the parties proceed to arbitration. I did not order that the parties arbitrate in Connecticut, in part, because it appeared that counsel reached an agreement on the record that they would arbitrate the matter in Connecticut. *See* July 28, 2006 Trans. (doc. # 34-4) at 38-39.

Giordano filed its claim with the NASD and was notified that the arbitration would occur in the default location of the customer's location, Minneapolis, Minnesota. When Giordano informed the NASD of the parties' informal agreement to arbitrate in Connecticut, defense

counsel denied having made such an agreement, indicating that she did not have the authority to make such an agreement and that her client objected to arbitrating in Connecticut. Giordano has now filed a motion to compel, seeking an order requiring the parties to arbitrate in Connecticut.

The Second Circuit has held that, "[w]here there is a valid agreement for arbitration, Congress has directed the district courts to order that arbitration proceed 'in accordance with the terms of the agreement.'" *Bear, Stearns & Co., Inc. v. Bennett*, 938 F.2d 31, 32 (2d Cir. 1991) (citing 9 U.S.C. § 4).[1] *See also Sterling Financial Investment Group, Inc. v. Hammer*, 393 F.3d 1223, 1225 (11th Cir. 2004) (citing *Bear, Stearns*, 938 F.2d at 32). Rule 10315 of the NASD's Code of Arbitration Procedure provides that "the Director shall determine the time and place of the first meeting of the arbitration panel and the parties." *See Sterling Financial Investment Group*, 393 F.3d at 1224-25. Notwithstanding that provision, a district court has jurisdiction, under 9 U.S.C. § 4, "to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators." *Id.* (citing *Bear, Stearns*, 938 F.2d at 32).

Here, I have already ruled that Rules 10101 and 10301 of the NASD Code of Arbitration Procedure govern the arbitrability of this dispute and that this matter is one that should be decided in arbitration. Those rules do not delineate the venue for the arbitration, nor have the parties executed a written agreement specifically choosing a particular venue with regard to

---

[1] MedicalCV cites *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 77 (2002), for the proposition that I do not have jurisdiction to consider Giordano's request. I disagree, because *Howsam* did not overrule *Bear, Stearns*, and is distinguishable from this case. In *Howsam*, the Supreme Court considered the question whether the court or the NASD arbitrator should have determined the application of an NASD rule regarding the timing of when a dispute is eligible to be submitted to arbitration. The Court held that the timing rule was a matter for the arbitrator, because it did not go to the question of arbitrability, and because it was a procedural matter that grew out of the dispute. *Howsam* does not control here, because the question of venue merely involves enforcing the parties' agreement, which 9 U.SC. § 4 has given courts the power to do.

arbitration. In this case, however, the parties executed an agreement with a forum selection and choice of law clause, providing that the parties' agreements would be "governed by the laws of the State of Connecticut." *See* Plaintiff's Exhibit 6 at ¶ 9. In addition, the parties agreed to:

> submit to the jurisdiction of any court of the State of Connecticut or the United States District Court of Connecticut Second Circuit [for] the purpose of any suit, action, or other proceeding arising out of this letter agreement or the Indemnity Agreement, or any of the agreements or transactions contemplated hereby, which is brought by or against the Company.

*See* Plaintiff's Exhibit 6 at ¶ 9.

      The forum selection clause manifests the clear intentions of the parties to submit to the jurisdiction of Connecticut for the resolution of disputes. It indicates that the clause covers "any proceeding" arising out of the parties' agreement. I have already ruled that the parties intended to be bound by the NASD rules, which is what makes the NASD arbitration rules enforceable in the first instance. Under the relevant law, I have jurisdiction to "direct the parties to proceed to arbitration in accordance with the terms of the agreement." *See* 9 U.S.C. § 4. The agreement between the parties in this case encompasses both the arbitration agreement and the forum selection clause. Therefore, even though the parties did not specifically reference arbitration in the forum selection clause, the clause must be read to include arbitration, which is a proceeding arising out of the agreement between the parties.

      That counsel agreed informally to that conclusion bolsters my decision. At the July 2006 hearing, defense counsel did not object to my suggestion that it appeared that the parties had agreed, in effect, to arbitrate the matter in Connecticut. *See* July 28, 2006 Trans. (doc. # 34-4) at 38-39. I did not formally order the arbitration to be held in Connecticut at the July 2006 hearing, because it appeared that counsel had reached an agreement, and because the issue had not been

fully briefed and argued.  Because counsel no longer agree, I conclude that the parties should arbitrate the matter in Connecticut, because as a whole, the agreement between the parties demonstrates an intent by the parties to be bound to arbitrate in Connecticut, and I have jurisdiction to direct the parties to proceed with the arbitration in accordance with their agreement.

Giordano's Motion to Compel Arbitration in Connecticut (**doc. # 33**) is **GRANTED**. Giordano's Motion for Sanctions (**doc. # 36**) and MedicalCV's Motions for Sanction (**doc. # 41**) are **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 19th day of October 2006.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge